UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD D. JACKSON,

    Petitioner,

v.

CASE NO. 2:06-CV-13338
HONORABLE NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

CINDI S. CURTIN,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE
PETITION FOR WRIT OF HABEAS CORPUS**

Ronald D. Jackson, ("Petitioner"), presently confined at the Kinross Correctional Facility in Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed by attorney Gerald M. Lorence, petitioner challenges his conviction for first-degree criminal sexual conduct, M.C.L.A. 750.520b(1)(b); and second-degree criminal sexual conduct, M.C.L.A. 750.520c(1)(b). For the reasons stated below, the petition for writ of habeas corpus is **DENIED.**

**I. Background**

Petitioner's counsel has provided a detailed statement of facts in his petition for writ of habeas corpus. The Court will therefore accept the factual allegations contained within the habeas petition insofar as they are consistent with the record, because the respondent has not disputed them. *See Dickens v.*

*Jones,* 203 F. Supp. 2d 354, 360 (E.D. Mich. 2002).[1] Because the facts of this case are undisputed and have been recited at length by petitioner, they need not be repeated here in their entirety. *See Nevers v. Killinger,* 990 F. Supp. 844, 847 (E.D. Mich. 1997).

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court. Petitioner was convicted for engaging in various sexual acts with his stepdaughter.

Petitioner's conviction was affirmed on appeal. *People v. Jackson,* 254640 (Mich.Ct.App. April 21, 2005); *lv. den.* 474 Mich. 918, 705 N.W.2d 686 (2005).

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

> I. Counsel's failure to object to the prosecutor's improper cross-examination and highly inflammatory closing argument that bolstered the prosecution's witnesses' testimony and undermined the defense theory constitutes ineffective assistance of counsel under the Sixth Amendment.
>
> II. Under *Blakely v Washington* and the Sixth Amendment right to trial by jury, Petitioner is entitled to re-sentencing because the sentencing judge scored OV 11 at 50 points based on facts not proven to a jury beyond a reasonable doubt.

## II. Standard of Review

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless

---

[1] *See* Memorandum of Law in Support of Petition for Writ of Habeas Corpus, pp. 1-12.

> the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

### III. Discussion

**A. Claim # 1. The ineffective assistance of counsel claim.**

Petitioner first claims that counsel was ineffective for failing to object to various forms of prosecutorial misconduct. Petitioner first claims that the

3

prosecutor improperly asked petitioner to comment about the credibility of the other witnesses during his testimony. Petitioner further claims that the prosecutor attempted to invoke the jury's sympathy during closing argument.

The Michigan Court of Appeals agreed that it was improper for the prosecutor to ask petitioner to comment on the credibility of other witnesses. The Michigan Court of Appeals concluded, however, that any error was harmless, because the trial court *sua sponte* gave a curative instruction to the jurors that they should disregard testimony from one witness that another witness was truthful or untruthful and that the jurors alone were to determine credibility. Because this curative instruction alleviated any possible prejudice to petitioner, and was given even without an objection by counsel, petitioner was unable to show that he was prejudiced by counsel's failure to object. *Jackson,* Slip. Op. at * 1-2. The Michigan Court of Appeals further rejected petitioner's argument that the prosecutor had improperly attempted to appeal to the jury's sympathy, finding that the comments were tied to the evidence presented at trial and were made in response to characterizations made by petitioner's counsel in his closing argument. *Id.* at * 2. Because the prosecutor's rebuttal argument was proper, counsel was not ineffective for failing to make an objection. *Id.*

To prevail on his ineffective assistance of counsel claim, petitioner must show that the state court's conclusion regarding his claim was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See*

4

*Cathron v. Jones,* 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

To show prejudice under *Strickland* for failing to object to prosecutorial misconduct, a habeas petitioner must show that but for the alleged error of his trial counsel in failing to object to the prosecutor's improper questions and arguments, there is a reasonable probability that the proceeding would have been different. *See Hinkle v. Randle,* 271 F. 3d 239, 245 (6th Cir. 2001).

Petitioner cannot show that he was prejudiced by counsel's failure to object to the prosecutor's questions to petitioner about the credibility of other witnesses, in light of the trial court's *sua sponte* instruction to the jury that they should disregard testimony from one witness concerning another witness' credibility. *See e.g. United States v. Atkin,* 80 F. Supp. 2d 779, 784 (N.D. Ohio 2000).

Petitioner cannot likewise show that counsel was ineffective for failing to object to the prosecutor's closing argument, in light of the fact that the Michigan Court of Appeals found on direct appeal that the remarks were not improper. *See Finkes v. Timmerman-Cooper,* 159 Fed. Appx. 604, 611 (6th Cir. 2005)*; Campbell v. United States,* 266 F. Supp. 2d 587, 589-90 (E.D. Mich. 2003)*.*

Because the prosecutor's conduct was either not improper or harmless

error, counsel's failure to object to the prosecutor's comments and questions was not ineffective assistance of counsel. *See Meade v. Lavigne,* 265 F. Supp. 2d 849, 866 (E.D. Mich. 2003). Petitioner is not entitled to habeas relief, because the Michigan courts' rejection of his ineffective assistance of counsel claims constituted a reasonable application of *Strickland. See Pearl v. Cason,* 219 F. Supp. 2d 820, 829 (E.D. Mich. 2002).

**B. Claim # 2. The sentencing claim.**

Petitioner next claims that the trial court judge violated his Sixth Amendment right to a trial by jury by using factors to score his sentencing guidelines which had not been submitted to a jury and proven beyond a reasonable doubt or admitted to by petitioner.

In support of his claim, petitioner relies on the case of *Blakely v. Washington,* 542 U.S. 296 (2004), in which the Supreme Court held that other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Id.* at 301 (*citing Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

The problem with petitioner's reliance on *Blakely* is that the case in *Blakely* involved a trial court's departure from Washington's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a

6

maximum sentence. The maximum sentence is not determined by the trial judge but is set by law. See *People v. Drohan,* 475 Mich. 140, 160-61; 715 N.W. 2d 778 (2006); *cert. den. sub nom Drohan v. Michigan,* 127 S. Ct. 592 (2006); *People v. Claypool,* 470 Mich. 715, 730, n. 14; 684 N.W. 2d 278 (2004)(both citing M.C.L.A. 769.8). "[M]ichigan's sentencing guidelines, unlike the Washington guidelines at issue in *Blakely*, create a range within which the trial court must set the minimum sentence." *Drohan,* 475 Mich. at 161. Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock,* 469 Mich. 247, 255, n. 7; 666 N.W. 2d 231 (2003)(citing M.C.L.A. 769.34(2)). Under Michigan law, the trial judge sets the minimum sentence, but can never exceed the maximum sentence. *Claypool,* 470 Mich. at 730, n. 14. Michigan's indeterminate sentencing scheme is therefore unaffected by the U.S. Supreme Court's holding in *Blakely. Drohan,* 475 Mich. at 164.

The decision in *Blakely v. Washington*, has no application to petitioner's sentence. Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. *See Blakely*, 542 U.S. at 304-05, 308-09. Because *Apprendi* and *Blakely* do not apply to indeterminate sentencing schemes like the one used in Michigan, the trial court's calculation of petitioner's sentencing guidelines range did not violate Petitioner's Sixth Amendment rights, so as to entitle him to habeas relief. See *Mays v. Trombley,*

2006 WL 3104656, * 3 (E.D. Mich. October 31, 2006); *Worley v. Palmer,* 2006 WL 2347615, * 2 (E.D. Mich. August 11, 2006); *Toothman v. Davis,* 2006 WL 2190515, * 2 (E.D. Mich. August 1, 2006)*; George v. Burt,* 2006 WL 156396, * 5 (E.D. Mich. January 20, 2006).

### IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002). A district court therefore has the power to deny a certificate of appealability *sua sponte. See Dell v. Straub,* 194 F. Supp. 2d at 658.

8

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Dell,* 194 F. Supp. 2d at 659.

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: June 11, 2007

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 11, 2007, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager